# ORIGINAL

FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA 2011 MAR 21  PH 2: 39

DUBLIN DIVISION

CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| BENITO L. RODRIGUEZ-TORREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 311-010 |
| | ) | |
| ERIC HOLDER, Attorney General, JANET | ) | |
| NAPOLITANO, DHS Secretary, and | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Respondents. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, brought the captioned petition under 28 U.S.C. § 2241. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and that this civil action be **CLOSED.**[1]

## I.    BACKGROUND

In May of 2010, Petitioner was convicted in the United States District Court for the Southern District of Texas for being found in the United States following a previous deportation, in violation of 8 U.S.C. § 1326(a) and (b). (Doc. no. 1, p. 2.) He was sentenced to a 37-month term of imprisonment followed by two years of supervised release. (Id.)

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

Petitioner gives no indication of having filed a direct appeal or any previous habeas corpus petitions challenging his conviction.

In the petition currently before the Court, Petitioner argues that he is a "derivative citizen of the United States" by virtue of his biological father's citizenship. (Id. at 2, 7.) According to Petitioner, he is therefore "actually innocent" of unlawful reentry into the United States. (Id. at 2, 9.) Petitioner states that he has previously raised his derivative citizenship claim in removal proceedings, but he does not state that he has exhausted his derivative citizenship claim by completing an appeal with the Board of Immigration Appeals ("BIA"); rather, Petitioner argues that he is not subject to the exhaustion requirement because he has a "non-frivolous claim to United States Citizenship." (Id. at 8-9.)

## II.    DISCUSSION

The instant petition was filed pursuant to 28 U.S.C. § 2241, which provides the means for a prisoner to challenge the execution of his sentence. Here, however, it is clear that Petitioner is attacking the validity of his sentence because he claims that he was innocent of the crime for which he was convicted. Therefore, the Court must consider whether relief under § 2241 is available.

"Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (per curiam). In the instant case, however, Petitioner has attempted to attack the validity of his sentence by filing a petition under § 2241. However, a federal prisoner may only resort to § 2241 to challenge the validity of his conviction or sentence upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." Id. § 2255(e).

Under Eleventh Circuit law, the circumstances under which a federal prisoner may invoke this so-called "savings clause" of § 2255 are tightly circumscribed.

First, a prisoner may not use the savings clause simply to circumvent the restrictions on filing second or successive motions. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). In other words, "the mere fact that relief under § 2255 is procedurally barred is not alone sufficient to make § 2241 an available remedy." Bridges v. Vasquez, 151 F. Supp.2d 1353, 1360 (N.D. Fla. 2001). Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised."

Darby, 405 F.3d at 945 (quoting Wofford, 177 F.3d at 1244). "To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited." Id. (citing Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003)). "Once the savings clause of § 2255 applies to open the portal to a § 2241 proceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted.'" Wofford, 177 F.3d at 1244 n.3.

Here, Petitioner is not entitled to relief because he has not satisfied the test set forth above, all three prongs of which must be met before the savings clause of § 2255 can "open the portal" to § 2241 relief. Petitioner has not asserted any claim based on a retroactively applicable Supreme Court decision establishing that he was convicted for a non-existent offense. Nor has he asserted a claim that he was previously foreclosed from bringing. Indeed, it does not appear that Petitioner has even attempted to challenge his conviction

3

under § 2255. Accordingly, he is not entitled to relief under § 2241.

The Court is mindful that courts have allowed alien inmates to bring derivative citizenship claims in § 2241 proceedings under certain conditions. See Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003). However, such claims characteristically involve challenges to the removal proceedings themselves, whereas here Petitioner's primary contention is that he is innocent of his federal conviction – a claim that falls within the province of § 2255 on collateral attack.

Moreover, even if Petitioner were only seeking to challenge the denial of his derivative citizenship claim instead of the validity of his conviction, the claim would be subject to dismissal for lack of subject matter jurisdiction. Contrary to Petitioner's assertion that he is exempt from the exhaustion requirement, federal courts "lack jurisdiction to consider [derivative citizenship claims denied in removal proceedings] that have not been raised before the BIA." Sundar, 328 F.3d at 1323. This jurisdictional exhaustion requirement applies with equal force in habeas proceedings. Id. Finally, the Court notes that judicial review of an exhausted derivative citizenship claim originally raised in removal proceedings is properly sought "before the appropriate court of appeals, not a district court." Henriquez v. Ashcroft, 269 F. Supp.2d 106, 108 (E.D.N.Y. 2003) (citing 8 U.S.C. § 1252(b)(5)).

In sum, Petitioner has failed to raise a claim for relief that is cognizable under § 2241, and the instant petition should therefore be dismissed.

## III.    CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that the

instant petition be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this _2/et_ day of March, 2011, at

Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE