ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 APR 26 A 8: 50
CLERK _____
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| BENITO L. RODRIGUEZ-TORREZ, | ) |
| Petitioner, | ) |
| v. | ) CV 311-010 |
| ERIC HOLDER, Attorney General, et al., | ) |
| Respondents. | ) |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 5). Petitioner was convicted of illegal reentry into the United States following a previous deportation. Petitioner commenced this case pursuant to 28 U.S.C. § 2241, but challenged the validity, rather than the execution, of his sentence, arguing that he was innocent of the crime for which he was convicted. (See doc. no. 1.) In particular, Petitioner argued that he could not be guilty of illegal reentry because his biological father's citizenship entitled him to derivative citizenship. (Id. at 2, 9.) The Magistrate Judge recommended dismissal of the petition, reasoning that Petitioner was not entitled to the relief sought under § 2241 and that Petitioner had not exhausted his claim of derivative citizenship, which precludes federal jurisdiction over such a claim, even in a habeas corpus action. (See doc. no. 3, pp. 3-4.)

In his objections, Petitioner asserts that jurisdiction under § 2241 is appropriate because of the "extreme circumstances" of his case and because his derivative citizenship

makes the duration of his confinement illegal. (Doc. no. 5, pp. 1-3.) Upon consideration, the Court finds that Petitioner's objections lack merit. As thoroughly explained by the Magistrate Judge, Petitioner primarily challenges the validity, rather than the execution, of his sentence. However, Petitioner has not made the showing required to invoke the savings clause of § 2255, which precludes him from challenging the validity of his sentence under § 2241. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). Moreover, contrary to Petitioner's assertions, the Court lacks jurisdiction over his unexhausted claims of derivative citizenship. 8 U.S.C. § 1252(d)(1); Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003) (holding that exhaustion requirement of § 1252(d)(1) is jurisdictional and applies to habeas proceedings). Petitioner's remaining objections are likewise without merit and do not warrant departing from the conclusions in the R&R. Thus, Petitioner's objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the petition filed pursuant to § 2241 is **DISMISSED**, and this civil action is **CLOSED**.

SO ORDERED this 26th day of April, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE